# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bky. No.:  18-30756 |
| Donald Jeffery Cran, | Chapter 13 |
| Debtor. | |

## OBJECTION TO PLAN

To:  Debtor, Donald Jeffery Cran, by and through his counsel of record, Craig W. Andresen., Craig W. Andresen Law Office, 2001 Killebrew Dr. Ste 150, Bloomington, MN 55425.

1.  Federal National Mortgage Association ("Fannie Mae"), a creditor of the debtor herein, submits this objection to the confirmation of the debtor's proposed, pre-confirmation, chapter 13 plan.

2.  This objection is filed pursuant to Bankruptcy Rule 3020(b), Local Rules 3015-3, 3020-1, and 3020-3, and Fannie Mae requests that this court enter an order denying confirmation of the plan.

3.  This case was originally filed under chapter 13 of the Bankruptcy Code on March 16, 2018, and is now pending in this court.

4.  This court has jurisdiction over this objection pursuant to 28 U.S.C. §§ 1334(a) and 157(a), 11 U.S.C. § 1325, and applicable rules.  This matter is a core proceeding.

5.  Hearing on confirmation of the plan is scheduled for August 23, 2018, at 10:30 a.m., before the Honorable Judge William J. Fisher, in Courtroom 2B, 2nd Floor, 316 North Robert Street, St. Paul, MN 55101, or as soon thereafter as counsel may be heard.

6.  Fannie Mae is a secured creditor pursuant to that certain Mortgage, dated January 24, 2008 (the "Mortgage"), covering real property located at 8210 Quadrant Avenue S., Hastings, MN 55033 and legally described as follows, to wit:

> The South 381.00 feet of the east 571.65 feet of the Northeast Quarter of the Northeast Quarter of Section 15, Township 27 North, Range 20 West, Denmark Township, Washington County, Minnesota.

(the "Property"). The Mortgage was recorded with the Office of the Washington County Recorder on March 14, 2008, as document number 3684164.

7.  The Property is the debtor's principal residence.

8.  The debtor has defaulted on the plan by failing to make three, post-petition Mortgage payments. Thus, the plan is not feasible.

9.  Fannie Mae will be moving for relief from the automatic stay based on the debtor's post-petition default on Mortgage payments.

**WHEREFORE**, Fannie Mae requests that the court deny confirmation of the debtor's chapter 13 plan.

Respectfully submitted,

**The Academy Law Group**

Dated: August 16, 2018        By: */e/ Samuel R. Coleman*
Samuel R. Coleman (#389839)
Attorneys for Fannie Mae
The Academy Professional Building
25 North Dale Street
St. Paul, MN 55102
Telephone: (651) 209-9785
Fax: (651) 292-9482
samuel@theacademylawgroup.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re:<br><br>Donald Jeffery Cran,<br><br>Debtor. | Bky. No.:  18-30756<br><br>Chapter 13 |

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO PLAN**

### FACTUAL BACKGROUND

Fannie Mae is a secured creditor of the debtor whose claim is secured only by the debtor's principal residence. The debtor is in default on his Mortgage payments by failing to make post-petition payments for the months of June, July and August 2018. The post-petition arrears total $4,525.08. Fannie Mae will be filing a motion for relief from the automatic stay the near future.

### ARGUMENT

**The Plan Is not Feasible Based on the Debtor's Failure to Make All Post-petition Mortgage Payments.**

11 U.S.C. § 1325(a) provides,

> (a) Except as provided in subsection (b), the court shall confirm a plan if—…
>
>> (1) The plan complies with the provisions of this chapter and with the other applicable provisions of this title; …
>>
>> (3) the plan has been proposed in good faith and not by any means forbidden by law;…
>>
>> (6) the debtor will be able to make all payments under the plan and to comply with the plan;

3

11 U.S.C. § 1325(a).  As the proponent of his plan, the debtor bears the burden of proving that she will be able to comply with the plan. *See In re Hogue*, 78 B.R. 867, 872 (Bankr. S.D. Ohio 1987); *In re Wagner*, 259 B.R. 694, 700-701 (8th Cir. BAP 2001).

The debtor's post-petition payment history demonstrates that the debtor is unable or unwilling to comply with the plan. Thus, the plan is presumptively not feasible.

## CONCLUSION

Based upon the evidence before the court and controlling law, Fannie Mae requests that the court deny confirmation of the debtor's plan.

Respectfully submitted,

**The Academy Law Group**

Dated: August 16, 2018         By:         */e/ Samuel R. Coleman*
Samuel R. Coleman (#389839)
The Academy Professional Building
25 Dale Street North
St. Paul,  MN  55102
samuel@theacademylawgroup.com
Phone: (651) 209-9785

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Bky. No.:  18-30756 |
| Donald Jeffery Cran, | Chapter 13 |
| Debtor. | |

**PROOF OF SERVICE**

I, Samuel R. Coleman, an attorney licensed to practice law in this Court, with an office address of The Academy Professional Building, 25 North Dale Street, St. Paul, MN 55102-2227 declare that on August 16, 2018, I caused the following documents:

**Objection to Confirmation,**
**Memorandum of Law in Support,**
**Verification of Facts,**
**and Proposed Order**

to be filed electronically with the Clerk of the Bankruptcy Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

**Gregory A Burrell, Trustee**
**U.S. Trustee** ustpregion12.mn.ecf@usdoj.gov, ecfbkup@comcast.net
**Craig W. Andresen, Esq.** craig@andresenlaw.com

And I declare, under penalty of perjury, that the foregoing is true and correct.

                                  **The Academy Law Group**

Dated: August 16, 2018                   By: **/e/ Samuel R. Coleman**
                                              Samuel R. Coleman (#389839)
                                              Attorneys for Movant
                                              The Academy Professional Building
                                              25 North Dale Street
                                              St. Paul, MN 55102
                                              Telephone: (651) 209-9785
                                              Fax: (651) 292-9482
                                              samuel@theacademylawgroup.com

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Donald Jeffery Cran,<br><br>           Debtor. | Bky. No.:   18-30756<br><br>Chapter 13 |

### ORDER

This matter came before this court for confirmation of the debtor's chapter 13 plan of reorganization. Appearances were noted in the record. Based upon the files, records, and arguments of counsel,

**IT IS HEREBY ORDERED**, that confirmation of the debtor's chapter 13 plan is denied.

DATED:                                                                                        

                                                                     William J. Fisher
                                                                     United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Bky. No.:   18-30756 |
| Donald Jeffery Cran, | Chapter 13 |
| Debtor. | |

**VERIFICATION OF FACTS**

I, Samuel R. Coleman, as attorney for Federal National Mortgage Association on its Objection to Confirmation, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Executed on: August 16, 2018         */e/ Samuel R. Coleman*
                                      Samuel R. Coleman (#389839)
                                      The Academy Professional Bldg.
                                      25 North Dale Street
                                      St. Paul, MN 55102
                                      (651) 209-9785